```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                    Case No.   2:06-cv-164-FtM-29DNF

TRACT H02-49, 10.0 ACRES OF LAND, MORE OR LESS IN COLLIER COUNTY, FLORIDA, WILLIAM E. HART (DECEASED), DELL HART, IF LIVING, BUT IF DECEASED, DELL HART (DECEASED) AND THE UNKNOWN HEIRS AND DEVISEES OF DELL HART, ET AL.,

                Defendant.

_____

## OPINION AND ORDER

This matter came before the Court on September 18, 2007, for a bench trial on the matter of just compensation in ten condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by FED. R. CIV. P. 71A. No property owner or other claimant appeared at trial except Mr. Ronald Provenzano, who appeared for Case Number 2:06-cv-163-FTM-29DNF.

As to the first three cases with improvements on the land, J. Lee Norris, a private real estate appraiser and owner of Carlson, Norris and Associates, testified on behalf of the government regarding the value of the improvements. Mr. Norris has 30 years of experience and has provided appraisal services to the National Park Service since 1993. Mr. Norris inspected the improvements on April 2, 2006, and

provided an appraisal valuation as of April 15, 2006, using a cost approach. Mr. Norris testified that the improvements were in a remote location, the structural integrity of the improvements was poor, nothing more than hunting camps, except for the third case which presented the equivalent of a "single family home" with electricity and plumbing.

As to the remaining seven cases, the Court heard testimony on behalf of the government from Bernard F. Gallagher, Jr., Review Appraiser for the United States Department of Interior, Office of Appraisal Services Directorate, regarding the value of these properties. Mr. Gallagher testified as to the common characteristics of the land as: (1) vacant; (2) having no road access; (3) no utilities; and (4) having a "highest and best use" of passive recreational use. Mr. Gallagher determined the value of the land using a sales comparison approach and used the takings date of May 5, 2006. No evidence was presented to the contrary.

In all of the cases, the government took immediate possession of the property pursuant to a Declaration of Taking and an Order for Delivery of Possession. In those cases where taxes were due and owing, the Court disbursed funds from the Registry of Courts to the Collier County Tax Collector. Additionally, pre-trial disbursements were made to various claimants in all but one case, and monies remain in some cases pending additional claimant applications.

The Court, having considered the testimony and other evidence,
**ORDERS AND ADJUDGES:**

Just compensation as to each improvement or tract of land is as follows:

| TRACT NO. (PROPERTY) | ESTIMATED COMPENSATION | MONIES DISBURSED (after taxes; not including interest) | JUST COMPENSATION DETERMINED |
|---|---|---|---|
| Tract C09-34 06cv163 | $19,300.00 (improvements on land only) | $12,866.67 | $15,000.00 |
| Tract H02-49 06cv164 | $13,050.00 (improvements on land only) | no disbursements | $ 8,200.00 |
| Tract J32-46 06cv165 | $32,000.00 (improvements on land only) | $28,000.00 + $4,000.00 (leaving no sum on deposit) | $54,550.00 |
| Tract H09-19 (2.5 acres) 06cv167 | $2,500.00 + $3,929.42 = $6,429.42 | $2,478.69 + $3,929.42 = $6,408.11 (leaving no sum deposit) | $6,250.00 ($2,500/acre) |
| Tract J54-27 (2.5 acres) 06cv168 | $2,500.00 + $3,929.42 = $6,429.42 | $1,699.76 + $2,947.06 = $4,646.82 (leaving $1,548.94 on deposit) | $6,250.00 ($2,500/acre) |
| Tract H02-11 (5.0 acres) 06cv170 | $5,000.00 + $7,858.84 = $12,858.84 | $11,552.24 (leaving no sum on deposit | $12,500.00 ($2,500/acre) |
| Tract J46-15 (5.0 acres) 06cv171 | $5,000.00 + $7,858.84 = $12,858.84 | $12,819.84 (leaving no sum on deposit) | $12,500.00 ($2,500/acre) |

| Tract J47-33 (30.0 acres) 06cv173 | $25,500.00 + $4,500.00 = $30,000.00  $47,811.17 | $29,760.26 (leaving no sum on deposit until later deposit) | $75,000.00 ($2,500/acre) |
|---|---|---|---|
| Tract J39-17 (10.0 acres) 06cv176 | $10,000.00 + $15,717.67 = $25,717.67 | $9,922.01 + $15,717.67 = $25,639.68 (leaving no sum on deposit) | $25,000.00 ($2,500/acre) |
| Tract J41-35 (2.5 acres) 06cv177 | $2,500.00 + $3,929.42 = $6,429.42 | **0.00** | $6,250.00 ($2,500/acre) |

The Court further finds and concludes:

    1.  That title in the improvements for the first three cases and the property in the remaining cases shall be vested in the United States of America by operation of law as of April 15, 2006[1] for all of the cases.  The fair market value of the improvements on the land in the first three cases is set forth above.  The fair market value of the property in the remaining cases is $2,500.00 per acre as set forth in the chart above.

    2.  The Clerk of the Court shall enter Judgment immediately, notwithstanding outstanding disbursements, as provided above and incorporating the contents of this Opinion and Order for all cases herein.

    3.  That payment of just compensation, as provided above, shall be in full satisfaction of any and all claims of whatever nature

---

[1] The Declaration of Taking was filed on this date.

against the plaintiff by reason of its institution and prosecution of this action and the taking of the property.

4. That just compensation will be subject to all real estate taxes, liens and encumbrances of whatever nature existing against the Property at the time of vesting title in the Plaintiff. Such taxes, liens and encumbrances are payable and deductible from the Just compensation, to the extent established and proven to the Court upon application.

5. That the just compensation includes the estimated compensation previously deposited by the Plaintiff and previously disbursed to claimants. The Plaintiff shall deposit into the Registry of the Court that portion of the just compensation, if any, in excess of the amount of the estimated compensation previously deposited, plus interest accrued at the rate established pursuant to 40 U.S.C. § 258 e-1 from the date of taking, until the date of the deposit. Such deposit shall be made within **SIXTY (60) DAYS** of the entry of this Opinion and Order. The Plaintiff shall otherwise notify the Court of estimated compensation previously deposited in excess of the ultimate valuation.

6. That the Clerk of the Court will retain the deposited just compensation until further order of this Court upon consideration of any further applications for distribution filed by persons claiming or asserting an interest in the just compensation.

7. The Clerk of the Court shall administratively close all cases without terminating any pending motions or outstanding applications,

not to exceed **five (5) years**.  Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a zero balance so that the case may be closed.

8.   That, in the event that the just compensation and any interest, or any part thereof, remains unclaimed for a period of **five (5) years** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of September, 2007.

JOHN E. STEELE
United States District Judge

Copies:
J. Rudy, III, Assistant U.S. Attorney
United States Attorney's Office

Brenda Garretson, Counsel of Record
Collier County Tax Collector

Unrepresented parties

Intake
Finance - JAX